## UNITED STATES *v.* CORES.

No. 455.   Argued March 13, 1958.—Decided May 19, 1958.

*John F. Davis* argued the cause for the United States. On the brief were *Solicitor General Rankin, Acting Assistant Attorney General McLean, Beatrice Rosenberg* and *Carl H. Imlay.*

By invitation of the Court, 355 U. S. 887, *Clark M. Clifford* argued the cause, as *amicus curiae,* in support of the judgment below.   With him on a brief he filed, as *amicus curiae,* was *Carson M. Glass.*

MR. JUSTICE CLARK delivered the opinion of the Court.

The sole issue in this appeal is whether an alien crewman who willfully remains in the United States in excess of the 29 days allowed by his conditional landing permit, in violation of § 252 (c) of the Immigration and Nationality Act,[1] is guilty of a continuing offense which may

---

[1] 66 Stat. 221, 8 U. S. C. § 1282 (c).   Subsection (a) authorizes immigration officers to grant permits, on certain conditions, allowing alien crewmen to land for periods up to 29 days.   Subsection (b) details procedures for revocation of permits.   Subsection (c) sets out the criminal penalties involved in this case:

"Any alien crewman who willfully remains in the United States in excess of the number of days allowed in any conditional permit

be prosecuted in the district where he is found. Discovering that appellee's permit had expired before he entered the district where he was apprehended and where the prosecution was begun, the District Court dismissed the criminal information, holding that a violation of § 252 (c) was not a continuing crime. The Government brought direct appeal, 18 U. S. C. § 3731, and we noted probable jurisdiction. 355 U. S. 866 (1957). Since we conclude that the District Court was in error, the judgment is reversed and the case is remanded for further proceedings.

The information, filed in the United States District Court for the District of Connecticut, charged that appellee entered the United States at Philadelphia on April 27, 1955, and that 29 days later, at the expiration of his conditional landing permit, he "did wilfully and knowingly remain in the United States, to wit: Bethel, Connecticut," in violation of § 252 (c) of the Immigration and Nationality Act. A plea of guilty was entered, but a government attorney informed the court prior to sentencing that appellee was not in Connecticut at the expiration of his permit as charged in the information, but that in fact he came to Connecticut only after spending about a year in New York. The judge permitted withdrawal of the guilty plea and dismissed the case. He cited an earlier decision of the same court holding that § 252 (c) did not define a continuing crime, *United States* v. *Tavares*, No. 9407 Crim., May 6, 1957, and indicated that the information was brought in an improper district since appellee was not in Connecticut at the time his permit expired.[2]

---

issued under subsection (a) shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not more than $500 or shall be imprisoned for not more than six months, or both."

[2] Appellee suggests that the inconsistency in the date of the offense as alleged in the information and as represented by government

The Constitution makes it clear that determination of proper venue in a criminal case requires determination of where the crime was committed.[3]  This principle is reflected in numerous statutory enactments, including Rule 18, Fed. Rules Crim. Proc., which provides that except as otherwise permitted, "the prosecution shall be had in a district in which the offense was committed . . . ." In ascertaining this locality we are mindful that questions of venue "raise deep issues of public policy in the light of which legislation must be construed." *United States* v. *Johnson,* 323 U. S. 273, 276 (1944).  The provision for trial in the vicinity of the crime is a safeguard against the unfairness and hardship involved when an accused is prosecuted in a remote place.  Provided its language permits, the Act in question should be given that construction which will respect such considerations.

Unlike some statutory offenses,[4] there is an absence here of any specific provision fixing venue, save the

counsel provides additional reason for upholding the dismissal.  This phase of the case, however, is not before us, *United States* v. *Borden Co.,* 308 U. S. 188, 206–207 (1939), so we confine our opinion to the point of statutory construction which clearly prompted the dismissal. Any inconsistency may be asserted by appellee on remand.  See Fed. Rules Crim. Proc., 7 (e).

[3] "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed . . . ."  U. S. Const., Art. III, § 2, cl. 3.

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ."  U. S. Const., Amend. VI.

[4] See, *e. g.,* 18 U. S. C. § 659 (theft of goods in interstate commerce); 18 U. S. C. § 1073 (flight to avoid prosecution or giving testimony); 18 U. S. C. § 3236 (murder or manslaughter); 18 U. S. C. § 3239 (transmitting or mailing threatening communications); 32 Stat. 847, 34 Stat. 587, 49 U. S. C. § 41 (1) (certain violations of Interstate Commerce Act).  See 4 Barron, Federal Practice and Procedure, § 2061.

general language of the Act providing for venue "at any place in the United States at which the violation may occur . . . ."[5]  In such cases the Court must base its determination on "the nature of the crime alleged and the location of the act or acts constituting it," *United States* v. *Anderson,* 328 U. S. 699, 703 (1946), and if the Congress is found to have created a continuing offense, "the locality of [the] crime shall extend over the whole area through which force propelled by an offender operates." *United States* v. *Johnson, supra,* at 275.

Section 252 (c) punishes "[a]ny alien crewman who willfully remains in the United States in excess of the number of days allowed." The conduct proscribed is the affirmative act of willfully remaining, and the crucial word "remains" permits no connotation other than continuing presence. Nor does the section necessarily pertain to any particular locality, such as the place of entry, for the Act broadly extends to willfully remaining "in the United States."[6]  Appellee urges, however, that the offense is completed the moment the permit expires,

---

[5] § 279, Immigration and Nationality Act, 66 Stat. 230, 8 U. S. C. § 1329.

[6] The offense here is unlike crimes of illegal entry set out in §§ 275 and 276 of the Act.   66 Stat. 229, 8 U. S. C. §§ 1325, 1326.   Those offenses are not continuing ones, as "entry" is limited to a particular locality and hardly suggests continuity.   Hence a specific venue provision in § 279 of the Act was required before illegal entry cases could be prosecuted at the place of apprehension.   66 Stat. 230, 8 U. S. C. § 1329.   This reasoning underlay the request for specific legislation by the Immigration and Naturalization Service.   See Analysis of S. 3455, 81st Cong., prepared by the General Counsel of the Service, p. 276–2.   In contrast to illegal entry, the § 252 (c) offense of willfully remaining is continuing in nature.   A specific venue provision would be mere surplusage, since prosecutions may be instituted in any district where the offense has been committed, not necessarily the district where the violation first occurred.   The absence of such provision, therefore, is without significance.

and that even if the alien remains thereafter, he no longer commits the offense. It is true that remaining at the instant of expiration satisfies the definition of the crime, but it does not exhaust it. See *United States* v. *Kissel,* 218 U. S. 601, 607 (1910). It seems incongruous to say that while the alien "willfully remains" on the 29th day when his permit expires, he no longer does so on the 30th, though still physically present in the country. Given the element of willfulness, we believe an alien "remains," in the contemplation of the statute, until he physically leaves the United States. The crime achieves no finality until such time. Since an offense committed in more than one district "may be inquired of and prosecuted in any district in which such offense was . . . continued," 18 U. S. C. § 3237, venue for § 252 (c) lies in any district where the crewman willfully remains after the permit expires. Appellee entered Connecticut and was found there, so that district has venue for the prosecution.

The legislative history is not inconsistent with this interpretation of the statute. After a thorough investigation of our immigration laws completed some two years prior to the enactment of § 252 (c), the Senate Committee on the Judiciary reported, "The problems relating to seamen are largely created by those who desert their ships, remain here illegally beyond the time granted them to stay, and become lost in the general populace of the country." S. Rep. No. 1515, 81st Cong., 2d Sess. 550. The tracing of such persons is complicated by the obscuration worked both by their own movement and by the passage of time. In this atmosphere the Congress sought to establish sanctions for alien crewmen who "willfully remain," the Senate Committee having observed that traditional remedies for the problem were inadequate because many crewmen "do not have the necessary documents to permit deportation." *Ibid.* It is hardly likely that the Congress would create the new sanction only to

strip it of much of its effectiveness by compelling trial in the district where the crewman was present when his permit expired—a place which months or years later might well be impossible of proof.

Moreover, we think it not amiss to point out that this result is entirely in keeping with the policy of relieving the accused, where possible, of the inconvenience incident to prosecution in a district far removed from his residence. See *Hyde* v. *Shine*, 199 U. S. 62, 78 (1905); *Johnston* v. *United States*, 351 U. S. 215, 224 (dissent) (1956). Forcing an alien crewman to trial in the district where he was present at the expiration of his permit could entail much hardship. By holding the crime here to be a continuing one we make a valuable tool of justice available to the crewman. Rule 21 (b) of the Federal Rules of Criminal Procedure provides for transfer of the proceeding to another district on motion of the defendant if it appears that the offense was committed in more than one district, and "if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged." The rule, with its inherent flexibility, would be inapplicable absent characterization of the offense as continuing in nature.

*Reversed and remanded.*

Mr. Justice Douglas, with whom The Chief Justice and Mr. Justice Black concur, dissenting.

The decision seems to me to be out of harmony with the statutory scheme of venue which Congress designed for immigration cases. We are here concerned with a crime under § 252 of the Immigration and Nationality Act of 1952, 66 Stat. 163, 220, 8 U. S. C. § 1282; *viz.* unlawfully remaining in the United States. Sections 275 and 276 describe crimes of unlawful entry. Section 279

gives the District Courts jurisdiction over the trial of both types of crimes; and as to venue it provides:

"Notwithstanding any other law, such prosecutions or suits may be instituted at any place in the United States at which the violation may occur or at which the person charged with a violation under section 275 or 276 may be apprehended."

When Congress wanted to lay venue in the district where the accused was "apprehended," it said so. It would seem, therefore, that venue may be laid in the district where the alien was "apprehended" only in case of the crimes of unlawful entry. All other crimes are to be prosecuted in the district where the violation first occurred. It is no answer to say that this crime is different because it was "continuous." See *In re Snow,* 120 U. S. 274, 281. As District Judge Smith said, the distinction drawn by § 279 between venue at the place of violation and venue at the place of apprehension "would be meaningless if violations such as the one in issue were regarded as continuous." *United States* v. *Tavares, supra.*\*

Moreover, the crime is completed when the conditional permit expires. All elements of the crime occur then. Nothing more remains to be done. It is then and there, Congress says, that the crime is "committed" in the sense that that term is employed in Art. III, § 2, cl. 3 of the Constitution and in the Sixth Amendment.

I would affirm the judgment of the District Court.

---

\*Congress has made its intent equally clear in analogous situations, see, *e. g.,* 18 U. S. C. § 659, where the possession of certain stolen goods, certainly a continuing illegal status similar to remaining, is made a crime. Section 659 provides in pertinent part: "The offense shall be deemed to have been committed . . . in any district in which the defendant may have taken or been in possession of the said money, baggage, goods, or chattels."