**UNITED STATES of America**

v.

**Richard Hayes HINTON, Lee J. Barbour, Marvin William Broadus, John Franklin Day, Ernest Joseph Dixon, Fred Woodrow Scarborough, Sr., George Ellis Scarborough, Jimmie Ellis Scott, Henry Lee Tillman, Philip Earl Wilkerson.**

**Crim. A. No. 30373.**

United States District Court
E. D. Louisiana,
New Orleans Division.
March 16, 1967.

Louis C. LaCour, Asst. U. S. Atty., Frederick W. Veters, Asst. U. S. Atty., New Orleans, La., Owen A. Neff, Attorney, U. S. Dept. of Justice, Washington, D. C., for United States.

Melvin W. Mathes, Harvey C. Koch, George R. Blue, Beard, Blue, Schmitt & Treen, New Orleans, La., for defendants Hinton, Broadus, Day, Tillman, Fred Woodrow Scarborough, George Ellis Scarborough, Dixon and Scott.

Thomas H. Haas, Beard, Blue, Schmitt & Treen, New Orleans, La., for defendants Hinton, Broadus, Day and Tillman.

Robert Adam, Beard, Blue, Schmitt & Treen, New Orleans, La., for defendants Fred Woodrow Scarborough, George Ellis Scarborough, Ernest Joseph Dixon, Jimmie Ellis Scott.

Phillip A. Wittmann, New Orleans, La., Keener T. Blackmarr, Mobile, Ala., for defendant Lee J. Barbour.

Hilary Gaudin, New Orleans, La., for defendant Philip Earl Wilkerson.

HEEBE, District Judge.

This cause came on for hearing on December 9, 1966, on various motions brought by these defendants. At that time, the Court took under submission the five motions to transfer (as amended) of the various defendants, as well as the motion of defendant Barbour for a Bill of Particulars. For the reasons given below, it is now the ruling of the Court that the five motions of the various defendants to transfer be, and the same are hereby, denied. A ruling on the motion for Bill of Particulars is pretermitted; said motion shall be reset for hearing for argument.

## REASONS

The motions to transfer before us consist of: (1) the motion of the defendant

Barbour to transfer under Rule 21(a) and (b); (2) the motion of the defendant Wilkerson to transfer under Rule 21(b); (3) the motion of the defendants Hinton, Broadus, Day, Dixon, Scott, Tillman, Fred Scarborough and George Scarborough to transfer under Rule 21(a); (4) the motion of defendants Dixon, Scott, George Scarborough and Fred Scarborough to transfer pursuant to Rule 21(b); and (5) the motion of defendants Hinton, Broadus, Day and Tillman to transfer pursuant to Rule 21(b).

Much confusion in this matter can perhaps be avoided by the observation that a criminal prosecution should be transferred to another district under Rule 21 of the Federal Rules of Criminal Procedure only where it has been brought originally in a district of proper venue. Much argument of defense counsel seems to have been directed to the assertion that this district is not one of proper venue for this prosecution; for example, the second motion of defendants Hinton, Broadus, Day and Tillman simply asserts that "the real venue of the alleged offense herein [is] Jackson County, Mississippi."

■■■ If that were true, and the defendants have not waived their rights of venue, the proper course here would be dismissal, not a change of venue by transfer. 8 Moore's Federal Practice Par. 21.02 n. 4. The fact is, however, that venue in this district is proper in this case. Seven of the overt acts of the alleged conspiracy enumerated in the indictment are alleged to have been done in New Orleans. Venue in a conspiracy case may be laid in any district where any act in furtherance of the conspiracy took place. Hyde v. United States, 225 U.S. 347, 363, 32 S.Ct. 793, 56 L.Ed. 1114 (1912); Miller v. Connally, 354 F.2d 206, 208 (5th Cir. 1965); 8 Moore's Federal Practice Par. 18.03[1] n. 18.

■■■ The defendants' assertion that the U. S. Attorney, confronted with several districts of proper venue, was con-stitutionally bound to choose the one preferable to these defendants is simply not the law. See Platt v. Minnesota Mining and Manufacturing Co., 376 U.S. 240, 245, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964). Although the Supreme Court has observed that the constitutional provisions of venue were primarily designed for the protection of the accused, United States v. Cores, 356 U.S. 405, 407, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958), this cannot allow defendants to challenge proper venue of prosecutions (and thereby destroy the validity of such prosecutions) merely because the constitutional provisions may not always work to their utmost convenience. This is especially true now that Rule 21(b) has made possible the transfer of prosecutions brought in a district of proper venue, but detrimental to defendants' chances for a fair and just trial. See 8 Moore's Federal Practice Par. 21.04[1] n. 2. The purpose of the Rule, as well as the venue provisions of the Constitution, is to secure a fair trial to the defendant, not necessarily to provide him with an "inalienable right" to the luxury of a trial in his own backyard. This district is one of proper venue here.

The question then is simply whether or not this prosecution should be transferred to another district in the best interest of justice and for the purpose of obtaining a fair and just trial.

Rule 21(a) provides that the court shall transfer the proceeding to another district "if the court is satisfied that there exists in the district where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district."

■■■ All of the motions and memoranda by defendants directed at the issue of prejudice recite only that there has been some newspaper publicity respecting this case in this area and allege that some of that was occasioned by divulgence of material by the U. S. Attorney

prosecuting this case, but there has been no showing whatsoever that such publicity will in any way prevent the impaneling of a fair and impartial jury in this case. Defendants have produced for the record *two* newspaper articles relating to this case and these defendants, both published on April 1, 1964. One of the articles appears on the front page of the Times-Picayune on that date, the other on page 2 of the States-Item. That is the extent of the newspaper publicity this case has received, according to the defendants' own argument. Of course, we are not prepared to rule here and now that these articles have not in fact had the result of prejudicing the minds of the ultimate jurors in this case. However, neither are we prepared to say that prejudice has resulted. The lack of a fair trial resulting from prejudice in the minds of the jury can be shown only by an examination of the ultimate jurors themselves on the trial of the case. But the mere fact of publicity—which is all that has been shown here—does not automatically amount to prejudice. The Supreme Court has made clear the general rule that "in most cases involving claims of due process deprivations we require a showing of *identifiable* prejudice to the accused." Estes v. State of Texas, 381 U.S. 532, 542, 85 S.Ct. 1628, 1633, 14 L.Ed.2d 543 (1965). Although the Court, as in Estes, has found "instances in which a showing of actual prejudice is not a prerequisite to reversal," Estes v. State of Texas, supra, this is not such a case. These two newspaper articles of a year ago do not pose "such a probability that prejudice will result that [these proceedings] are deemed inherently lacking in due process." Estes, supra. And if there has been no showing of prejudice and no presumption of prejudice can be made, then transfer is not required, and we do not reach the question of the nature of the publicity or its source.

▮ Rule 21(b) provides for transfer to another district "for the convenience of parties and witnesses, and in the interest of justice." The purpose of the Rule, as we have indicated, is not to insure the defendant a trial in his home, or in any particular place, but to insure him a *fair* trial.

▮ Of course, insofar as inconvenience to defendants may result in real injustice and a recognizable deprivation of due process, that inconvenience may not only be taken into account, but may *require* transfer as a constitutional issue. It must be a rare case indeed, however, in which mere inconvenience to the defendant will prevent a fair and just trial. Between the due process requirements of the Fifth Amendment and the venue prerogatives given the prosecution by the Sixth Amendment lie a great many possible degrees of inconvenience to defendants, to witnesses, and myriad other considerations in which the courts' discretion may be exercised under Rule 21 to secure in every case the most convenient trial possible.

▮ It is abundantly clear that in this case there is no one single district which is clearly more desirable than any other as far as the convenience of defendants, witnesses, and "the best interests of justice" are concerned. On the contrary, the acts and operations charged against the defendants here cover a wide territory, covering a number of states and judicial districts. The defendants themselves do not all reside in the same district. Moreover, the site of this Court is not a great distance from any of the places of residence of these defendants or from the central site of the alleged operations. (Five of the defendants are residents of Mobile, Alabama, four are residents of "the southern district of Mississippi," and one states that he "formerly resided in Mobile County, Alabama." The indictment alleges that the defendants operated a liquor distillery in Jackson County, Mississippi. Jackson County is not more than 85 miles from the situs of this Court; Mobile not more than 150 miles.)

In consequence, there is no compelling reason to incur the additional inconvenience of transferring this case and split-

ting the trials merely to accommodate all the defendants, especially considering the minimal inconvenience occasioned by a trial in this district.

Moreover, a trial in this district has certain advantages and conveniences not possible in the districts to which transfer is suggested by the defendants. New Orleans is well provided with diverse transportation facilities and convenient air and rail connections with most of the areas involved in this case; Biloxi or Mobile may not have this ease of transportation and communication. The criminal docket in this district is extremely facile; this may not be true of the other districts.

■ Finally, it appears that no one district is most convenient to all of the defendants themselves. Some desire a trial in Mississippi; others want a transfer to Alabama. Although the Fifth Circuit has held that, under the former wording of Rule 21(b) some counts of an indictment may be transferred for convenience to the parties, thus splitting the trial where other counts were nontransferrable, United States v. Choate, 276 F.2d 724, 86 A.L.R. 2d 1337 (5th Cir. 1960), the desire to avoid the great inconvenience of two trials has influenced many courts to deny transfer in that situation, Cf. Barron & Holtzoff, Federal Practice and Procedure, Cumulative Supp. to Volume 4, by Wright, p. 155 n. 12.3. A splitting of trials nearly always will require double effort on the courts, witnesses, prosecution and even the defendants. This is true in this case, since, were a split granted, a trial of some of these defendants in Alabama would present the same issues as the trial of the others in Mississippi. The great inconvenience caused to all parties thereby cannot be countenanced unless it can be shown that a greater inconvenience might be averted by such a procedure. Here, of course, so little inconvenience is occasioned by a trial in this district that we have no hesitancy in denying the motions to transfer.