**William Douglas SHEPHERD, Petitioner,**

v.

**John S. GATHRIGHT, Superintendent Bland Correctional Farm, Respondent.**

**Civ. A. No. 73-100-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Feb. 14, 1974.

Gordon H. Shapiro, Roanoke, Va., for petitioner.

Gilbert Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

TURK, Chief Judge.

Petitioner seeks a writ of habeas corpus contending that his conviction in the Circuit Court of Halifax County, Virginia is constitutionally void. Petitioner was arrested by federal agents on March 12, 1971, and following the order of this court on June 29, 1971 releasing him from federal custody on the ground that he was incapable of standing trial on the pending federal charges, he was indicted by the State on three counts of sending threatening letters in violation of § 18.-1-257 of the Code of Virginia. Petitioner was convicted by a jury on all counts, and judgment was entered sentencing him to 5 years imprisonment on each count.[1] Petitioner appealed his conviction to the Virginia Supreme Court on the ground that the State had failed to show that the crimes charged had been committed in Halifax County, Virginia. The Virginia Supreme Court denied his petition for a writ of error on October 31, 1973. Having exhausted his state court remedies on the issue of whether the Circuit Court of Halifax County could constitutionally try him for the offense charged, petitioner filed a petition for a writ of habeas corpus in this court.

---

1. By order entered June 6, 1973 two of the three five-year sentences were made to run concurrently.

The constitutional right alleged to have been violated is the right contained in the Sixth Amendment to a trial "by an impartial jury of the State and District wherein the crime shall have been committed, which district shall have been previously ascertained by law. . . ." U.S.Const. Amend. VI.[2] It is well established that under both state and federal law one of the burdens borne by the prosecution is that of proving that the crime charged was committed within the venue of the court which tries the case. E. g., United States v. Gross, 276 F.2d 816 (2nd Cir.), cert. denied, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525 (1960); Howell v. Commonwealth, 187 Va. 34, 46 S.E.2d 37 (1948). "Questions of venue in criminal cases, . . . . are not merely matters of formal legal procedure. They raise deep issues of public policy in the light of which legislation must be construed." United States v. Johnson, 323 U.S. 273, at 276, 65 S.Ct. 249, at 251, 89 L.Ed. 236 (1944).

Petitioner was convicted of violating a statute, which has now been amended, but which at the time of his conviction provided in pertinent part:

> "If any person write or compose and also send or procure the sending of any letter or inscribed communication, so written or composed, whether such letter . . . . be signed or anonymous, to any person, containing a threat to kill or do bodily injury to the person to whom such letter or communication is sent . . . shall be confined in the penitentiary for a period of not exceeding five years.

. . . ."[3] Va.Code Ann. § 18.1–257 (1960 Repl.Vol.).

At petitioner's trial for violating the above statute the State introduced two letters and a postcard, the contents of which were threats against the then Governor, Lt. Governor and Attorney General of Virginia. The two letters had been postmarked in Durham, North Carolina, and the postcard bore no postmark. The respondent contends that the following evidence presented at petitioner's trial is also relevant to the question of venue. Following his arrest, petitioner turned over a set of keys to federal agents, who upon searching the home of petitioner and his mother in South Boston, Virginia, used one of the keys to gain entry to a locked sideboard in the dining room. Inside the sideboard they found and seized a portable typewriter, a brown paper bag containing lined index cards and addressed envelopes. Underneath the typewriter they found a number of sheets of paper with handwritten names and addresses, including the name of the then Lt. Governor. An expert witness testified for the prosecution that the two threatening letters, the envelopes in which they had been sent and the postcard had been typed with the typewriter found in the sideboard. This expert also testified that the names and addresses on the paper found under the typewriter were in petitioner's handwriting. Another expert testified that petitioner's fingerprint was found on one of the papers under the typewriter and another of petitioner's fingerprints was found on the back of the typewriter carriage.[4]

---

2. The same right is found in the Virginia Constitution which provides "in criminal prosecutions . . . he shall enjoy the right to a speedy and public trial, by an impartial jury of his vicinage. . . ." Va.Const.Art. 1, § 8.

3. The 1973 amendment to this statute added the following:
"[T]he person so writing or composing and sending or procuring the sending of such letter or communication may be prosecuted either in the county, city or town in which the letter or inscribed communication is composed, written, sent or pro-cured to be sent or in the county, city or town in which the letter or inscribed communication is received." Va.Code Ann. § 18.1–257, as amended (Supp.1973).

4. A pair of fiber gloves were also seized from petitioner's home because, according to the testimony of one of the agents several threatening letters had been received in envelopes sealed with scotch tape and underneath the scotch tape were fibers which indicated that whoever mailed them was wearing gloves. The seized gloves were not linked to these letters at the trial.

Petitioner's first argument is that since there are two distinct elements to the crime defined in § 18.1–257 of the Code of Virginia, no crime is committed until the letter was actually sent or procured to be sent, and therefore venue was not proper where the letter was written. Since the evidence indicated that two of the threatening letters were sent from Durham, North Carolina, and there was no evidence that the third was mailed elsewhere, petitioner contends that the State has failed in demonstrating that the crime was committed in Halifax County or even in Virginia.[5] Respondent asserts that the question of whether a person may be tried where the first element of the crime defined in § 18.1–257 is committed involves nothing more than an interpretation of a state law, and both the trial court and the Virginia Supreme Court have reached the conclusion in this case that venue is proper where the letter is written. Respondent's argument that there has been an authoritative interpretation of § 18.-1–257 as to the question of venue is tenuous at best,[6] and even assuming that such an interpretation has been made by the state courts, a serious question would remain as to whether the requirement of the Sixth Amendment had been satisfied.

But be that as it may, this court is of the opinion that even assuming that petitioner could be tried where the letter was written, the State in this case failed to produce any evidence at all showing that the letters in question were written in Halifax County, Virginia. The evidence summarized above concerning the portable typewriter, index cards, fingerprints, and a list of names in petitioner's handwriting, all of which were found in petitioner's home in the venue of the trial court, have no probative value in demonstrating where the letters in question were actually written.

Such evidence did perhaps prove that petitioner typed the letters in question, but this is an entirely different question from that of where the letters were typed. The fact that strong circumstantial evidence linking petitioner to the letters was found in his home in South Boston, Virginia, is only more evidence that he committed the crime—but it is no evidence that he committed it there as opposed to any other place. It is obvious that in presenting evidence that the typewriter and other incriminating evidence were found in the home of petitioner and his mother in South Boston, Virginia, the jury and judge as well as the State might assume that the typing of the letters took place there. But such an assumption had to be grounded in evidence presented at the trial, for venue is a constitutional element which must be proved and will not be presumed. See United States v. Cores, 356 U.S. 405, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958); Randall v. Commonwealth, 183 Va. 182, 31 S.E.2d 571 (1944). The record in this case is devoid of evidence as to where defendant was on or about the time the letters were written or sent, other than the evidence that the two letters were sent from Durham, North Carolina. The Secret Service Agent testified that he found the typewriter and certain other evidence at the defendant's residence in South Boston, Virginia, and that his mother was there at the time, but there was no evidence that petitioner had been living or working at the home where the evidence was found or even in South Boston in March, 1971 when the letters in question were received by the Governor, Lt. Governor and Attorney General.

Respondent is of course correct in the assertion that "when the sufficiency of the evidence supporting a state conviction is challenged by way of federal habeas corpus, the sole question is whether the conviction rests on any evidence at

---

5. The problem for the State posed by this argument has been corrected by the amendment to the statute quotes in footnote 3.

6. The trial judge recognized that a serious question as to the proper venue for the trial was presented, and although he did not sus-

tain the defense motion of improper venue, at the sentencing hearing he expressed doubt as to the question and indicated that it would have to be decided by the Virginia Supreme Court. As noted, the Virginia Supreme Court denied the petition for a writ of error.

all." Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969). But in emphasizing the strong circumstantial evidence which proved that petitioner committed the substantive elements of the crime, respondent loses sight of the fact that the question of venue must also have some evidential support. As has been noted, the fact that a portable typewriter and other evidence tying petitioner to the letters in question were found in the home occupied by him at the time of his arrest does not to any degree show that the actual typing took place there. Although the State's failure to link the commission of the crime to the venue of the court may seem technical in light of the overwhelming evidence of guilt,[7] it is nevertheless an error of constitutional magnitude demanding relief.

Since there was no evidence whatsoever demonstrating that either element of the crime charged had been committed in the venue of the Circuit Court of Halifax County, Virginia, a petition for a writ of habeas corpus will be granted.

An appropriate order will be entered in accordance with this opinion.

---

7. There was no real question at the trial as to whether petitioner committed the crime since his defense was limited to psychiatric testimony showing that he was mentally ill and acted out of irresistable impulse.