Jasen, J.
(dissenting). Notwithstanding the defendant’s *9 commission of a crime in a private vehicle during the course of a trip through more than one county, the majority holds the private vehicle trip statute (CPL 20.40, subd 4, par [g]) inapplicable because of the victim’s ability to identify the situs of the criminal act underlying the prosecution. As I would not place so narrow a construction upon this statute, I dissent.
CPL 20.40 (subd 4, par [g]) provides: "An offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip.” The mandate of this statute is broad: permitting prosecution of a crime committed during the course of a multicounty trip in any county through which the vehicle passed. Nowhere in this statute is authorization to prosecute qualified in a case in which, as here, the county in which the crime was committed can be identified. Had the Legislature intended to limit application of the trip statute in this manner, it could have easily accomplished its purpose. In view of the absence of any manifest legislative intent indicating such a qualification, I would construe the trip statute literally to authorize prosecution of the instant case in either Kings or Queens County.
It is true that at common law a defendant in a criminal prosecution had the right to be tried by a jury selected from the vicinage or neighborhood, which was construed to mean the county in which the crime was committed. (People v Goldswer, 39 NY2d 656, 659, citing 4 Blackstone’s Commentaries, p 344; 1 Chitty, Criminal Law [5th Amer ed], p 177.) However, the practical difficulties attendant to the application of this rule in a prosecution of a defendant for a single criminal act committed partly in one county and partly in another or committed in more than one county soon provided the impetus for curative legislation designed to avoid the conclusion reached at common law that a defendant in such a case could not be prosecuted. For example, as early as 1534, defendants accused of committing crimes in Wales could be indicted and tried before juries in adjoining English counties. (26 Hen VIII, c 6 [1534]; see Blume, Place of Trial of Criminal Cases: Constitutional Vicinage and Venue, 43 Mich L Rev 59, 62.)
To be distinguished for present purposes is the concept of jurisdiction, which unlike venue, goes to the general power or competence of a court to try a defendant accused of the commission of a crime. The vital distinction between these *10 often interchangeably, albeit imprecisely, used terms is at once demonstrated by operation of the principle that although venue may be waived by a defendant, jurisdiction, where absent, cannot be conferred upon a court by a defendant’s waiver. (See Brown v State, 219 Ind 251; 1 Bishop, New Criminal Procedure [2d ed], p 24.) Whereas a court’s jurisdictional limitations must be strictly construed, venue statutes permitting prosecution of a crime in more than one county are remedial in nature and should be liberally construed. (See, e.g., People v Licenziata, 199 App Div 106; see, generally, Venue-Homicide Committed in Two Counties, Ann., 73 ALR3d, § 2, pp 907, 914.)
In the instant case, it is clear that Supreme Court, Kings County, had jurisdiction or competence to try a defendant accused of having committed the crimes of rape and sexual abuse. Inasmuch as the vehicle trip statute (CPL 20.40, subd 4, par [g]) does not limit its remedial operation to instances in which the precise location of the alleged criminal act cannot be determined, I would construe its mandate liberally to permit a trial of defendant in either Kings or Queens County. Had the Legislature intended to except this situation from operation of the vehicle trip statute, it could have easily done so. (See, e.g., Ill Ann Stats, ch 38, § 1-6, subd [f]; Kan Stats Ann, § 22-2608; La Code Crim Pro Ann, art 612 [specifically excepting the case in which the location of the crime can be determined].)
In the posture in which this case comes before us, there exists all the more reason to construe the vehicle trip statute liberally: The defendant has already been tried and convicted of rape and sexual abuse in Kings County. To place upon the complainant the onerous burden of participating in a second trial asks, in my opinion, too much, especially where, as in this case, the defendant can voice no substantial objection to being tried in Kings County. After all, the purpose behind requiring, as a general rule, that a defendant be tried in the county in which he is alleged to have committed a crime is to protect the defendant against unfairness or hardship arising from prosecution in a remote or unfamiliar locale. (United States v Cores, 356 US 405, 407.) Here, the rape occurred in New York City within a short distance of the Kings County border, the county in which the defendant was arrested and of which he is a resident. In my view, this case provides little *11 reason for denying, the literal application of the express terms of the vehicle trip statute.
In final analysis, the pity of this case is that the majority feels obliged to go beyond the literal meaning of a statute not to preserve integrity in the fact-finding process, not to preserve the fairness of trial, not to sustain principled conduct in a civilized society, nor to obey constitutional principles. Instead, a defendant guilty by overwhelming evidence of a heinous crime, obtains a retrial for which if it ever happens, will add further insult to the injury already sustained by a victim who was a teenager at the time of the crime. No sense of justice, no spirit of mercy, nor any principle of law requires the result reached — reversal of a conviction on a technicality without social significance or impact, except that obnoxious significance which empty technicalities enjoy.
Accordingly, I would reverse the order of the Appellate Division and reinstate the judgment of conviction.
Judges Gabrielli, Fuchsberg and Cooke concur with Judge Wachtler; Judge Jasen dissents and votes to reverse in a separate opinion in which Chief Judge Breitel and Judge Jones concur.
Order affirmed.