**UNITED STATES of America**

v.

**Antonino LETO.**

**No. CR. 2:96–962–01.**

United States District Court,
D. Vermont.

June 4, 1997.

Maryanne Ellen Kampmann, Stetler, Allen & Kampmann, Burlington, VT, for Antonino Leto, defendant.

Gregory Lane Waples, Office of the U.S. Atty., Burlington, VT, for U.S.

## OPINION AND ORDER

SESSIONS, District Judge.

Defendant Antonino Leto, an Italian citizen, is charged with being found in the United States following a previous felony conviction and deportation, a violation of 8 U.S.C. § 1326(b)(2). Leto has moved to dismiss the indictment on the grounds that the Government will be unable to prove that he was "found in" the United States. For the reasons that follow, Leto's motion to dismiss (paper 13) is granted.

## BACKGROUND

For purposes of this motion, the following facts are not in dispute. Leto was convicted in 1990 in a Massachusetts state court of possession of cocaine with intent to sell, an aggravated felony. On July 13, 1994, Leto

was deported to Italy. Sometime in 1995 Leto returned to the United States illegally and without the consent of the Attorney General. He began living in Massachusetts. In mid-July 1996 Leto was arrested in Illinois while transporting a shipment of marijuana. Leto agreed to cooperate with the authorities, and he participated in a controlled delivery of the marijuana to its intended recipients in the Boston area. Thereafter Leto left Massachusetts and drove north through Vermont, on his way to Montreal, Quebec.

Leto left the United States at Highgate Springs, Vermont and attempted to enter Canada at the Phillipsburg, Quebec Port–of–Entry. Leto was denied entry into Canada because of his criminal record. The Canadian immigration officials detained Leto on the Canadian side of the border, pending the arrival of agents of the United States Immigration and Naturalization Service. Leto was returned to the United States in the custody of these agents, under arrest for violating 8 U.S.C. § 1326. The record does not reflect whether federal authorities knew or had reason to know of Leto's presence in the United States and his status as a previously deported alien prior to his detention in Canada.

On August 1, 1996, the grand jury charged Leto in a one-count indictment that

> On or about July 20, 1996, in the District of Vermont, the defendant ANTONINO LETO, an alien who was deported from the United States subsequent to his conviction for the aggravated felony of cocaine trafficking, was found in the United States, not having obtained the consent of the Attorney General of the United States for his reapplication for admission into the United States.

### DISCUSSION

Under 8 U.S.C. § 1326(a) it is a crime for any previously deported alien to enter, to attempt to enter, or to be found in the United States without having obtained the permission of the Attorney General:

> Subject to subsection (b) of this section, any alien who—(1) has been arrested and deported or excluded and deported, and thereafter (2) enters, attempts to enter, or

is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326(a) (1970 and Supp.1996). Subsection (b)(2) of Title 8, section 1326 provides that in the case of an alien described in subsection (a) "whose deportation was subsequent to a conviction for commission of an aggravated felony," shall be subject to a fine and/or imprisonment for not more than 20 years. Leto was indicted for a violation of 8 U.S.C. § 1326(b)(2). Title 8 U.S.C. § 1329 allows for the prosecution of a violation of § 1326 to be instituted "at any place in the United States at which the violation may occur or at which the person ... may be apprehended." 8 U.S.C. § 1329 (1970).

At issue is whether Leto may be prosecuted in the District of Vermont for being "found in" the United States. The unusual facts of this situation appear to have created a case of first impression within this Circuit.

The Second Circuit, in rejecting a vagueness challenge to the "found in" language of § 1326, held in *United States v. Whittaker,* 999 F.2d 38 (2d Cir.1993), that the provision

> informs an alien who, following deportation after conviction of a felony and without permission of the Attorney General, reenters this country illegally and remains here, that he will be guilty of an offense when he is discovered.... In this context, the phrase "found in" is synonymous with "discovered in...." The statute informed [the defendant] that, if he remained in this country following his illegal reentry, he would be subject to criminal prosecution when he was "found" here.

*Id.* at 42–43 (citation and interior quotation marks omitted).

In *United States v. Rivera–Ventura,* 72 F.3d 277, 281–82 (2d Cir.1995), the Second Circuit held further:

> The offense of being "found in" the United States . . . depends not only on the conduct of the alien but also on acts and knowledge of the federal authorities. . . . [T]he offense of being "found in" the United States. in violation of 8 U.S.C. § 1326(a) is not complete until the authorities both discover the illegal alien in. the United States, and know, or with the exercise of diligence typical of law enforcement authorities could have discovered, the illegality of his presence.

The government does not argue that Leto was "found in" the United States when he was returned here in custody following his rejection at the Canadian border. Rather, the government contends that Leto was "found in" the United States when he drove through Vermont on his way to the Canadian port-of-entry. Citing *United States v. Ortiz–Villegas,* 49 F.3d 1435, 1437 (9th Cir.), *cert. denied* 516 U.S. 845, 116 S.Ct. 134, 133 L.Ed.2d 82 (1995), the government argues that § 1326 permits the prosecution of an alien who is voluntarily present in the United States at some time before he is arrested.

Ortiz–Villegas was discovered by an INS agent in a California state prison, after having been previously deported. He claimed that he could not be convicted for being "found in" the United States, because at the time he was located, in jail, he did not intend to be in the United States.

The Ninth Circuit held that an alien who has been deported and voluntarily reenters the United States without authorization has the requisite intent to support a conviction for being "found in" the United States, even if at the time he is eventually located he wishes he were elsewhere. The key distinction between the facts of that case and the instant one, of course, is that Ortiz–Villegas was located by the INS in a United States prison, and Leto was located by the INS in Canada.

Applying the reasoning set forth in *Rivera Ventura* and *Ortiz–Villegas,* it is clear that Leto may be prosecuted for a violation of 8 U.S.C. § 1326 if he was voluntarily present in the United States sometime before he was arrested, and if he was "found" or "discovered" in the United States by federal authorities. From the information available to the Court it is not disputed that Leto was voluntarily present in the United States before he was arrested. What is less than clear from the record is when Leto may be deemed to have been discovered by federal authorities, in Illinois when he was arrested, in Massachusetts when he made the controlled delivery, at any other point in Leto's travels, or only in Canada when he was turned over to the INS by Canadian authorities. If Leto was not discovered by federal authorities until he was detained in Canada, then he was not "found in" the United States for purposes of prosecution under § 1326. *Rivera–Ventura,* 72 F.3d at 282 (offense is not complete until federal authorities locate alien in United States and have knowledge of the illegality of his presence).

Given, however, that the government intends to prove that Leto was "found in" the United States before he reached Canada, the issue remains whether venue is proper in the District of Vermont. A § 1326 prosecution may be brought "at any place in the United States at which the violation may occur or at which the person . . . may be apprehended." 8 U.S.C. § 1329. Leto was apprehended for this violation in Canada, not in the United States. He was apprehended in Illinois some days earlier for a violation of the drug laws. He was not apprehended within the District of Vermont; consequently he may only be prosecuted in this district if the violation occurred in Vermont.

When general language providing for venue at any place in the United States at which the violation may occur is employed, a court must "base its determination on the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cores,* 356 U.S. 405, 408, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958). In the case of a continuing offense, venue lies in any district where the offender operates. *Id.*

Although the Circuit Courts of Appeal have disagreed as to whether a violation of the "found in" provision of § 1326 constitutes

a continuing offense, the Second Circuit has expressly held that it is not.[1]

> ... Congress's use of the word "found" suggests a focus on the time at which the authorities' location of the alien and their knowledge of the illegality of his presence converge, and that focus indicates that the offense is complete at the time of that convergence.... If Congress had meant that the unlawfully returned alien could be prosecuted at any time that he could be located in the United States, it could have accomplished this with clarity either by stating expressly that being "found" is to be deemed a continuing offense ...; or by, instead of the phrase "is at any time found in," using a phrase such as "remains in" ...; or by simply omitting the word "found" from § 1326(a).

*Rivera–Ventura,* 72 F.3d at 282 (citations and parenthetical information omitted).

The nature of the crime alleged is being "found in," or "discovered" in the United States, not being "in" the United States, or "remaining in" the United States. Leto may have been "found in" Illinois; he may have been "found in" Massachusetts; he was not "found in" Vermont. Leto may be prosecuted in any district in which he was found, or discovered, but he may not be prosecuted in a district in which the government can arguably show he was present, but cannot show he was found. Accordingly, Leto's motion to dismiss is granted, because venue is not proper in the District of Vermont.

## CONCLUSION

The Defendant's motion to dismiss the indictment (paper 13) is GRANTED for lack of venue.

---

**1.** *Compare United States v. Rivera–Ventura,* 72 F.3d 277 (2d Cir.1995), *and United States v. DiSantillo,* 615 F.2d 128 (3d Cir.1980), *with United States v. Santana–Castellano,* 74 F.3d 593 (5th Cir.), *cert. denied,* 517 U.S. 1228, 116 S.Ct. 1865, 134 L.Ed.2d 963 (1996), *United States v. Guzman–Bruno,* 27 F.3d 420 (9th Cir.1994), *and* *United States v. Barnett,* No. 92–5295, 1993 WL 185640 (4th Cir. June 1, 1993). *See also United States v. Gomez,* 38 F.3d 1031 (8th Cir.1994) ("found in" violation is continuing violation, but complete when alien is discovered by immigration authorities).