STUCKY, Judge
(dissenting):
Believing that, under these facts, the court-martial did not have jurisdiction, I respectfully dissent.
It is very important that the facts of this ease, and its legal posture, be set out before an analysis of the situation is essayed. Appellant enlisted in the United States Navy on June 21, 2001, reenlisted without a break in service in June of 2005, and was on active duty in the Navy in August of 2006. In 2000, prior to enlisting in the Navy, he had posted a single image of child pornography on his Yahoo! profile. He last updated that profile on September 7, 2000, before entering the Navy. Thereafter, although he received email at his Yahoo! e-mail account, he took no action with regard to the profile until June 28, 2007, immediately before his court-martial, when he took steps to have the image removed.
The specification at issue set out a crime and offense not capital under clause 3 of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000), viz., distribution of the image in question on or about August 10, 2006, in violation of 18 U.S.C. § 2252A(a)(2)(A) (2000), part of the Child Pornography Prevention Act of 1996 (CPPA). In the Care[1] inquiry, Appellant explicitly refused to admit that the conduct in question was contrary to good order and discipline or service discrediting. The military judge did not pursue the matter. It is therefore solely as a clause 3 offense that it must be analyzed.
To be subject to court-martial jurisdiction, an accused must be a member of the armed forces or a civilian who falls into one of the very narrow categories set out in the UCMJ. Article 2(a), UCMJ, 10 U.S.C. § 802(a) (2000); William Winthrop, Military Law and Precedents 105 (2d ed., Government Printing Office 1920) (1895); United States v. King, 11 C.M.A. 19, 27, 28 C.M.R. 243, 251 (1959). Appellant was neither when he posted the image to his profile. He pled guilty to a single distribution of the image in question on August 10, 2006, a date on which he was a member of the United States Navy on active duty and therefore subject to court-martial jurisdiction.
The term “distribution” is not defined in the CPPA. In the context of the statute, it has generally been interpreted in its ordinary sense, i.e., “to dispense” or “to deliver.” United States v. Probel, 214 F.3d 1285, 1288 (11th Cir.2000); United States v. Horn, 187 F.3d 781, 791 (8th Cir.1999); United States v. Hibbler, 159 F.3d 233, 237 (6th Cir.1998) (citing United States v. Canada, 110 F.3d *146 260, 263 (5th Cir.1997)).[2] It would seem that delivery of the image in question was effected when Appellant placed it on his Yahoo! profile. Thereafter,, it was available to anyone who chose to look at the profile. Appellant does not deny that this action constituted “distribution” within the meaning of the statute.
The question is thus whether Appellant’s action prior to entering on active duty somehow carried over to August 10, 2006, the date on which the NCIS agent discovered the image. The stipulation of fact entered into at trial stated that Appellant had not updated the Yahoo! profile since September 7, 2000, before entering on active duty. The only “action” that Appellant took after becoming subject to court-martial was the purely negative one of leaving the image undisturbed. I can find no support in the ease law — and the Government cites none — for the proposition that simply posting an image and then taking no other action constitutes “distribution” six years later when someone happens upon the image. The numerous cases dealing with peer-to-peer networks, e.g., United States v. Ober, 66 M.J. 393 (C.A.A.F.2008), and United States v. Shaffer, 472 F.3d 1219 (10th Cir. 2007), are inapposite, because those networks require continued positive actions (turning on one’s computer and the file-sharing program) every time the person wishes to engage in file-sharing. By contrast, posting a picture on the Internet requires no continued action; the picture is there, available to anyone who cares to look without further action by the originator. On August 10, 2006, Appellant did absolutely nothing relevant to the image; the action was solely that of the NCIS agent.[3]
Nor does the concept of “continuing offense” save the specification.[4] A continuing offense is one in which the offense is committed on a date certain but continues to be committed each day that the original fact situation obtains. See United States v. Cores, 356 U.S. 405, 408-09, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958). The continuing offense doctrine is to be applied only in limited circumstances because of its obvious relationship to statutes of limitation. Toussie v. United States, 397 U.S. 112, 115, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), superseded by statute, Pub.L. No. 92-129, § 101(a)(31), 85 Stat. 352 (1971). Its application is purely a matter of statutory interpretation, and is limited to situations in which Congress explicitly stated that the offense was a continuing one, or the nature of the crime compels the conclusion that Congress must have intended it. Id.; United States v. Lee, 32 M.J. 857, 859-60 (N.M.Ct.Crim.App.1991). There is nothing in the CPPA making distribution a continuing offense, and nothing inherent in the nature of distribution that would compel treating it as such. Under the standard enunciated in Toussie, it is therefore not a continuing offense.
On these facts, I believe the court-martial lacked jurisdiction over the offense of distribution of the image because Appellant’s action of distribution was completed prior to entry on active duty, and he thereafter took no action to review the image or further effectuate distribution. I emphasize that the issue of whether the same conduct might violate clause 1 or 2 of Article 134, UCMJ, is not raised here, and cannot be answered on these facts.
I respectfully dissent.

. United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969).

. Technically, these cases deal with the definition of the term as a sentence enhancer for CPPA offenses in the Federal Sentencing Guidelines. However, for these purposes the two may be considered identical.

. If the offense was completed in 2000, it was also barred by the statute of limitations, since child pornography offenses are not "child abuse offenses” extending the statute. Article 43(b), UCMJ, 10 U.S.C. § 843(b) (2000). It is the military judge’s duty to inform the accused of a potential statute of limitations defense. See Rule for Courts-Martial 907(b)(2)(B); United States v. Rodgers, 8 C.M.A. 226, 228, 24 C.M.R. 36, 38 (1957).

.The Government argued the applicability of the continuing offense doctrine in its brief, but abandoned the idea in oral argument.