ALICE M. BATCHELDER, Chief Judge,
concurring in part and dissenting in part.
The majority opinion correctly concludes that there was sufficient evidence to convict Defendants. The evidence in favor of conviction was more than sufficient to withstand the limited scrutiny which we give such matters on appeal. I therefore concur in the majority opinion’s affirmance of the district court’s denial of Defendants’ motions for judgment of acquittal and for a new trial. However, I must vigorously dissent from the majority opinion’s conclusion that the failure to “immediately” notify the Coast Guard is a continuing offense.
Venue is a constitutional protection, U.S. Const, art. Ill, § 2 (“Trial shall be held in the State where the said Crimes shall have been committed....”), as well as a statutory one, and we should always take appropriate care to assure that the government abides by relevant constitutional provisions. The majority opinion adopts the government’s position in holding that the offense in this case, a violation of 33 U.S.C. *358 § 1232(b)(1) and, by derivation, 33 C.F.R. § 160.215, is a continuing offense. The regulation in question requires “immediate[] notif[ication of] the nearest Coast Guard Sector Office or Group Office.” The majority opinion concludes that its interpretation — that failure to immediately notify can be a continuing offense — is not only “a natural interpretation,” but also “the most textually plausible” and “most sensible.” I respectfully submit that the English language would only accept the majority opinion’s interpretation after being bullied into submission.
A continuing offense, as correctly described by the majority opinion, is one in which the offense is “begun in one district and completed in another, or committed in more than one district.” 18 U.S.C. § 3237(a). That description simply does not apply to the offense which Defendants committed. The failure to immediately notify the Coast Guard was an omission which became a complete and chargeable offense when, near St. Louis, Missouri, the leak was discovered and not reported to the Coast Guard. The majority opinion concedes this point, Maj. Op. at 352, but simultaneously concludes that the immediacy prong of the regulation merely starts the clock, a clock which continues running indefinitely until notice actually is given.[1]
I simply cannot make linguistic sense of the majority opinion’s conclusion that a failure to immediately notify the nearest Coast Guard station can be an offense that is perpetual and ongoing. To support its holding, the majority opinion invokes United States v. Cores, 356 U.S. 405, 408-09, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958), in which the Supreme Court held that the crime of “willfully remaining” in the United States after the expiration of a landing permit was a continuing offense. The majority opinion claims that the offenses of “willfully remaining” and “failure to immediately notify” are similar, but the comparison is simply untenable. If someone wrongfully remains past a deadline, he has violated the initial proscription, but the affirmative act of continuing to remain is the very act that is proscribed. In contrast, failure to immediately notify is an omission that is complete right now, not right now and then again every five, ten, or thirty minutes for the indefinite future. Once the violation is completed, there is no affirmative act that is being proscribed.
The First Circuit rejected a similar argument by the government in United States v. Salinas, 373 F.3d 161 (1st Cir.2004). There, the government also argued that “a crime can be both complete and continuing for the purposes of venue analysis.” Id. at 168. The First Circuit conceded that, “[a]s a theoretical matter, that proposition is true,” but it clearly viewed the government’s claim with great skepticism, and rejected that “one last arrow in [the government’s] quiver,” because doing so would “effectively authorize the government to choose a venue of its liking even when, as now, the crime was complete before a second district was implicated.” Id. at 168-69. The First Circuit was especially concerned about the expansion of venue for crimes which, like the one at issue here, require specific intent, worrying that “[allowing specific intent to continue a crime into any district in which that intent has consequences would significantly expand the range of permissible venues.” The First Circuit correctly re *359 jected such an unwarranted expansion of venue, and we should do the same.
That failure to immediately notify cannot be a continuing offense is further confirmed by other language in the regulation. In order to avoid violating the regulation, one need do more than notify just any Coast Guard official — one must notify the “nearest” Coast Guard Station. That term becomes nonsensical if the violation continues indefinitely.
I do not understand the majority opinion’s insistence on its flawed interpretation of the regulation. That the Defendants committed the crime for which they were convicted seems clear, but requiring the government to abide by statutory and constitutional restrictions on venue would not mean that Defendants would escape punishment, only that the government would have to prosecute them in the proper venue. While this would certainly not be the most efficient use of resources, concerns of efficiency cannot be allowed to trump constitutional and statutory venue provisions, especially when the government caused the inefficiency by bringing criminal claims in what was clearly the wrong venue.

. The majority opinion rejects the notion that this case has anything to do with statutes of limitations, yet it is only a very small step from the legal framework established by the majority opinion here to extend, indefinitely, the statute of limitations for violations of the pertinent regulation.