**UNITED STATES of America**

v.

**Jeffrey J. SAPYTA**

**No. DR–04–CR–814.**

United States District Court,
W.D. Texas,
Del Rio Division.

March 8, 2005.

John A. Peralta, Assistant United States Attorney, Del Rio, TX, for Plaintiff.

Nancy B. Barohn, Kansas City, MO, Phillip Bozzo, Jr., Ronald P. Guyer, San Antonio, TX, for Defendant.

## ORDER

LUDLUM, District Judge.

Pending before the Court in the above-styled and numbered cause are a plethora of motions filed by Jeffrey J. Sapyta ("Defendant") regarding the Superseding Indictment filed by the Government on November 17, 2004. Based on the following reasons, the Defendant's motion to dismiss Counts One and Two (Docket Entry # 58) is **DENIED**; Defendant's motion to quash Counts Four and Five (Docket Entry # 47) is also **DENIED**; Defendant's motion to dismiss Count Two (Docket Entry # 43) is **GRANTED**, and Count Two is **QUASHED**; and Defendant's motion for a

bill of particulars as to Count One (Docket Entry # 45) is **DENIED** as **MOOT**.

## I. BACKGROUND

On November 17, 2004, the Government filed a four-count superseding indictment against the Defendant in the Del Rio Division of the Western District of Texas. In Count One, the Defendant was charged with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). In Counts Two and Three, the Defendant was charged with the actual laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i). In Counts Four and Five, the Defendant was charged with failure to file a Form 8300 by someone engaged in a trade or business for the receipt of an amount in excess of $10,000.00 in violation of 31 U.S.C. §§ 5322(b) and 5331. The Government also filed a notice of demand for forfeiture pursuant to 18 U.S.C. § 982(a).

A hearing was conducted on February 15, 2005, to address the Defendant's motions. The motions are as follows: (1) a motion to dismiss Count Two of the superseding indictment for duplicity and improper venue; (2) a motion to quash Counts Four and Five of the superseding indictment for improperly charging a continuing offense not authorized by Congress; and (3) a motion for a bill of particulars informing him of the identities of the "known" co-conspirators as referred to in Count One of the superseding indictment.[1] Additionally, the Defendant withdrew his initial motion to dismiss Count One for failure to allege all the essential elements of the target offense and substituted it with the argument that Counts One and

Two should be dismissed for a lack of fair notice of the charges brought against him.

At the hearing, the Court addressed the Defendant's motion regarding a bill of particulars and concluded that the Defendant now has actual notice as to who the co-conspirators might be, thus rendering Defendant's motion for a bill of particulars as moot. The Court, *infra*, will address the Defendant's remaining motions in this written order.

## II. DISCUSSION

*A. Request To Dismiss Counts One And Two For Lack Of Fair Notice In Superseding Indictment*

The Defendant's argument that Counts One and Two should be dismissed for lack of fair notice of the charges brought against him is without merit. An indictment must meet the minimum threshold of being plain, concise, and definite. *See United States v. Crow*, 164 F.3d 229, 234 (5th Cir.1999). The Government has met this minimum threshold in Counts One and Two. It has charged the Defendant with conspiring to launder monetary instruments and actual laundering of monetary instruments. The Government has provided the Defendant with enough facts to support its contention. The Court does not share the Defendant's state of confusion as to what claims in Counts One and Two the Government is alleging.

*B. Motion To Dismiss Count Two For Duplicity And Improper Venue*

 The Government charges the Defendant in Count Two with knowingly and intentionally using two safe deposit boxes to conduct a financial transaction to conceal or disguise the proceeds of specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i).[2] The Defendant argues

---

1. The Defendant does not attack Count Three of the superseding indictment.

2. § 1956. Laundering of monetary instruments

that the charge of using two safe deposit boxes constitutes two separate offenses whose inclusion in Count Two renders it duplicitous.

 "An indictment is duplicitous when two separate offenses are charged in a single count." *United States v. Payne,* 341 F.3d 393, 402 n. 3 (5th Cir.2003). Congress's intent on whether each transaction should be viewed as a separate offense was made clear in the Senate Report of the then pending money laundering statute when it stated that "[i]t should be noted that each transaction involving 'dirty money' is intended to be a separate offense." *United States v. Blackwell,* 954 F.Supp. 944, 956 (D.N.J.1997) (quoting S. REP. No. 433, 99th Cong., 2d Sess. 13 (1986)). "Each money laundering transaction constitutes a separate violation of Section 1956(a)(1)(B)(i)." *Id.* (citing *United States v. Martin,* 933 F.2d 609, 611 (8th Cir. 1991)). Use of a safe deposit box is listed by 18 U.S.C. § 1956(c)(3) as a "transaction".[3] Congress amended § 1956(c)(3) in 1992 to include the "use of a safe deposit box" to the list of terms used to define a "transaction". Having established that it was Congress's intent to make each "transaction" a separate and distinct offense, the Court finds that the .Government's allegations that the Defendant engaged in two separate "transactions," when he used separate safe deposit boxes, should result in the Defendant being charged separately for each "transaction."

The Defendant also argues that the Western District of Texas is not the correct venue for trial as the two "transactions" occurred in the Southern District of California. The Government cites the statute it accuses the Defendant of violating in Count Two as 18 U.S.C. §§ 1956(a)(1)(B)(i) & 2. An initial reading of the indictment as written leads one to believe that the Government is claiming violations of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 1956(a)(2). Title 18 U.S.C. § 1956(a)(2) pertains to:

Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

After determining that § 1956(a)(2) had no pertinence to what the Government was claiming in the indictment, the Court understands the Government to be citing to the aiding and abetting provision provided for in 18 U.S.C. § 2.[4] Nonetheless, it is too

3. § 1956(c)(3) explains that the term "transaction" includes:

(a)

(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity-

. . . . .

(B) knowing that the transaction is designed in whole or in part—
(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity . . . .

a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

4. § 2 is the aiding and abetting provision of Title 18 and states:
(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

ambiguous and confusing to construe the Government's theory of procuring venue in the Western District of Texas for § 1956(a)(1)(B)(i) violations that occurred in the Southern District of California through the use of an aiding and abetting statute that cannot be discerned from the reading of Count Two of the indictment as presently formulated. The Court is of the opinion that Count Two should be quashed.

However, the Court wants to make it clear that it believes that the Western District of Texas is a correct venue for trial in this case based on the remaining charges brought against the Defendant in the superseding indictment. The Court's decision to quash Count Two is based on the fact that Count Two is duplicitous in its listing of two separate offenses in one count, as well as the lack of clarity on the Government's part that Count Two is charging the Defendant with aiding and abetting and not the transportation of monetary instruments or funds into or out of the United States.

## C. Motion To Quash Counts Four and Five For Improperly Charging A Continuing Offense Not Authorized By Congress

The Defendant argues that the Government has charged him with violating 31 U.S.C. § 5331 [5] in Counts Four and Five in such a manner as to give the violation of the statute the status of being a continuing offense—a status, according to the Defendant, Congress neither prescribed nor intended when it enacted the statute:

> Clearly, Counts Four and Five, in alleging the § 5331 violations as continuing offenses, describe the offenses as beginning from the date of the receipt of currency in excess of $10,000, to the fifteenth day thereafter, when a Form 8300 [6] report was to be filed with the IRS in Detroit, Michigan.

> It is Congress-not the prosecution-which defines what is the allowable "unit of prosecution" under a criminal statute.

(Def.'s Mot. to Quash Counts Four and Five of the Superseding Indictment at 3.) He further argues that "[i]t is clear that Congress did not intend to criminalize the mere receipt of cash in excess of $10,000 by a trade or business but, rather, the failure to file *a report each time* as required by the statute, and its implementing regulations." (*Id.* at 5.) The Government responds that a § 5331 violation is a continuing offense that begins when a person who is required to file an 8300 Form receives currency over $10,000 and continues until the fifteen (15) days allotted to file the form expires, thus completing the offense.

"To be sufficient, an indictment must allege every element of the crime

---

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

5. § 5331(a) states:
 (a) Coin and currency receipts of more than $ 10,000. Any person—
 (1) who is engaged in a trade or business; and
 (2) who, in the course of such trade or business, receives more than $ 10,000 in coins or currency in 1 transaction (or 2 or more related transactions),

shall file a report described in subsection (b) with respect to such transaction (or related transactions) with the Financial Crimes Enforcement Network at such time and in such manner as the Secretary may, by regulation, prescribe.

6. A Department of Treasury form provided by the Internal Revenue Service as well as the Financial Crimes Enforcement Network to report any cash payments over $10,000 received within fifteen (15) days of one transaction or two or more related transactions by a person who is engaged in a trade or business.

charged." *United States v. Fitzgerald,* 89 F.3d 218, 221 (5th Cir.1996) (citing *United States v. Alford,* 999 F.2d 818, 823 (5th Cir.1993)). The Government has met the burden of alleging all of the elements required for one to violate § 5331 and 31 U.S.C. § 5322(b)[7], § 5331's criminal penalty provision. It has alleged that the Defendant is engaged in the trade or business of being an attorney, and during the course of that engagement he willfully failed to report the receipt of currency in excess of $ 10,000. Additionally, the Government has alleged that the Defendant willfully failed to violate the reporting requirement while violating another law of the United States or engaging in a pattern of illegal activity involving more than $100,000 during a twelve-month period.

However, both sides have misapplied the law in the instant case when it comes to the issues of continuing offenses and venue. They have proceeded to create a situation that can only be described as a weapon of mass distraction when one reads the Defendant's motion and the response from the Government that it has elicited. The Court will address the questions of contin-uous crimes and venue because it feels both the Defendant and the Government's view of the law on this issue in this case has led to motions and responses that are truly off the mark.[8]

The most important reason to determine whether a defendant has engaged in a continuous crime is for venue purposes. A criminal defendant's right to be tried in the district in which the crime was committed is protected by the Sixth Amendment[9], Article III of the United States Constitution[10], and Rule 18 of the Federal Rules of Criminal Procedure[11]. *See generally United States v. Cores,* 356 U.S. 405, 407, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958) ("The Constitution makes it clear that determination of proper venue in a criminal case requires determination of where the crime was committed."); *see also United States v. White,* 611 F.2d 531, 534 (5th Cir.1980) ("The right of a criminal defendant to be tried in the district in which the crime was committed is guaranteed by the sixth amendment to and Article III of the United States Constitution, and Rule 18 of the Federal Rules of Criminal Procedure.").

---

7. § 5322(b) states:

(b) A person willfully violating this subchapter [31 USC §§ 5311 et seq.] or a regulation prescribed or order issued under this subchapter [31 USC §§ 5311 et seq.] (except section 5315 or 5324 of this title or a regulation prescribed under section 5315 or 5324), or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act [12 USC § 1829b] or section 123 of Public Law 91–508 [12 USC § 1953], while violating another law of the United States or as part of a pattern of any illegal activity involving more than $ 100,-000 in a 12–month period, shall be fined not more than $ 500,000, imprisoned for not more than 10 years, or both.

8. The Defendant has merged two distinct contentions in the motion to quash Counts Four and Five. He has taken principles of law applicable to the issue of venue and attempted to superimpose them in the issue of the sufficiency of the allegations in the superseding indictment and the Government's case. His motion to quash, however, never challenges venue.

9. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI.

10. "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed . . . ." U.S. Const. art. III, § 2, cl. 3.

11. "Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed . . . ." Fed. R. Crim. P. 18.

■ There is an absence in § 5322(b) of any specific provision providing for venue. In such instances, "the *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946). The Court must first determine where the proper venue is if the Defendant willfully violated § 5331 by not filing an 8300 Form fifteen (15) days after he received the cash in question. It is "necessary in order to decide where the crime is committed to ascertain what duty it was, the failure to perform which constitutes the crime, and also what acts of the defendant constituted the violation." *Id.* at 705, 66 S.Ct. 1213.

■ The Defendant's duty, which according to the Government he willfully failed to perform, was to file an 8300 Form within fifteen (15) days of receiving the currency in his capacity as an attorney. It is true that the 8300 Form provides for a mailing address in Detroit, Michigan, which is in the Eastern District of Michigan, for it to be filed. However, the Defendant's trade or business is located in San Antonio, Texas, which is in the Western District of Texas. Because the 8300 Form requires those engaged in a trade or business to file a report of any receipt of currency over $10,000 within fifteen (15) days, it would suffice to infer that one formulates the specific intent to willfully fail to meet the requirements of the form where their trade or business is located and not where the form provides an address for mailing is located.[12] The failure to mail the form to the address provided, it would appear, is a consequence of the will-ful decision not to report the transaction. Accordingly, the Defendant's willful act of violating § 5331 would have occurred in San Antonio, Texas—the location of his trade or business. Therefore, in conformity with the Government's allegations, the Western District of Texas is a proper venue for trial.

The Government cites to *United States v. Donahue*, 885 F.2d 45 (3rd Cir.1989), and *United States v. Rigdon*, 874 F.2d 774 (11th Cir.1989), to support its contention that the Defendant engaged in a continuing crime. In *Donahue*, the Third Circuit found venue to be proper in the Middle District of Pennsylvania when the defendant failed to file a report regarding the exporting or importing of currency in excess of $10,000 pursuant to 31 U.S.C. § 5316. The court explained that:

> The evidence established that Donahue, bearing large sums of currency, on various occasions boarded a plane in Pennsylvania, changed planes in Florida without filing the requisite report, and proceeded on to Grand Cayman Island. In our view, this uninterrupted series of events is properly regarded as one continuing offense for purposes of venue, beginning in Pennsylvania and ending in Grand Cayman Island.

*Donahue*, 885 F.2d at 50 (footnote omitted). In *Rigdon*, the defendant had argued that venue was only proper in Washington, D.C. because that was where he was required to file any cash transaction reports. Citing § 3237(a), the Eleventh Circuit disagreed and found venue to be proper in the Northern District of Florida because that was where the defendant be-

---

12. The Court believes that the location of a person's trade or business is indicium of where the proper venue for trial would be if one chooses to willfully violate § 5331 by not filing an 8300 Form. That location is after all where a person would most likely receive or deposit currency in their capacity as a businessperson, and it is also where their duty to file a report would arise if the amount of that currency was in excess of $10,000 for any one transaction or two or more related transactions.

gan his crime of failing to file federal cash transaction reports in violation of 31 U.S.C. § 5313 in an attempt to commit money laundering. The court explained its rationale:

> First, it is undisputed that the alleged crime was begun in the Northern District of Florida. In fact, almost all affirmative acts occurred in the Northern District of Florida. Second, Rigdon could have mailed the CTRs to Washington, D.C. from the Northern District. In fact, he may have been able to file the required CTRs with the IRS in the Northern District of Florida. We conclude, then, that Rigdon's "failure to file" occurred in the Northern District.

*Rigdon,* 874 F.2d at 780 (citations omitted) (footnote omitted). *Rigdon* is inapplicable unless the Defendant argues that he should be tried in the Eastern District of Michigan, the location where the 8300 Form is to be sent to for filing. However, even then it is a futile argument since the Court, *supra,* has already engaged in an analysis that has established venue in the Western District of Texas, and the Defendant has been charged with other crimes that have a nexus to the Western District of Texas.

On the other hand, the Court does not agree with the Government's position that similarly to *Donahue* the offense alleged in this case involves the act of receiving the currency as well as the act of failing to file a report. The defendant in *Donahue* began the crime of exporting currency outside of the United States without reporting it in Pennsylvania, making the Middle District of Pennsylvania a proper venue. Unlike the defendant in *Donahue,* the Defendant in this case did not initiate a § 5331 violation when he received the currency. If the Government is arguing that the Defendant engaged in a continuing offense that began in the Southern District of California, when he received the currency, and then concluded in the Western District of Texas, when he failed to file a report, then the Court believes that the Government has misread the statutes in the instant case. Section 5331 does not require that a report be filed when a person, engaged in a business or trade, initially receives currency in excess of $10,000. It requires that a report be filed within fifteen (15) days of receiving the said currency. Consequently, a crime could not be committed until the Defendant willfully decided to violate § 5331 by not filing the 8300 Form after the fifteen (15) days expired.

The Government's theory of the Defendant engaging in a continuous crime could still hold true under a different analysis due to the language contained in the latter part of § 5322(b). A person has to willfully violate § 5331 while also violating another law or as part of a pattern of illegal activity involving more than $100,000 in a twelve-month period. Depending on where the person was located when they were violating another law, or where they were located when they were engaged in any pattern of illegal activity, there could be different venues available in which to bring charges. It is obvious that a person can be engaged in a continuous crime once the Government alleges and clearly puts forth in an indictment that a defendant violated another crime or was part of a pattern of illegal activity involving more than $100,000 during a twelve-month period while also willfully violating § 5331.

■ Finally, the Court addresses where within the Western District of Texas the Defendant can be tried *sua sponta.* The Federal Rules of Criminal Procedure provide that:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the

offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice. FED. R. CRIM. P. 18. The Fifth Circuit has stated that "[t]here is no constitutional right to be tried in a particular division within a district." *United States v. McKinney*, 53 F.3d 664, 673 (5th Cir.1995) (citing *United States v. Anderson*, 328 U.S. 699, 704–05, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946)); *see also United States v. Duncan*, 919 F.2d 981, 985 (5th Cir.1990) ("An intra-district transfer is not required absent a strong showing of prejudice."). The charges against the Defendant arise from a previous case in the Del Rio Division that the Defendant was involved in as an attorney and is also the basis for the conspiracy charge in Count One of the superseding indictment. Additionally, some of the witnesses in the case, as well as the prosecutor, case agent, and all of the evidence against the Defendant are located in Del Rio. With the absence of a strong indication of prejudice against the Defendant, venue is proper within the Del Rio Division of the Western District of Texas

## III. CONCLUSION

To summarize, it is hereby **ORDERED** that the Defendant's motion to dismiss Counts One and Two (Docket Entry # 58) is **DENIED**. The Defendant's motion to quash Counts Four and Five (Docket Entry # 47) is also **DENIED**. Defendant's motion to dismiss Count Two (Docket Entry # 43) is **GRANTED**, and Count Two is **QUASHED**. Defendant's motion for a bill of particulars as to Count One (Docket Entry # 45) is **DENIED** as **MOOT**. Counts One, Three, Four and Five remain standing against the Defendant.