**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2079
_____


UNITED STATES OF AMERICA

v.

ZENAIDO RENTERIA, JR.,

Appellant
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cr-00241-002)
District Judge:  Hon. Nitza I. Quinones Alejandro
_____


Argued April 18, 2018

Before:  GREENAWAY, JR., RENDELL, and FUENTES,
*Circuit Judges*

(Filed: September 11, 2018)

Susan M. Lin, Esq. [Argued]
Kairys Rudovsky Messing & Feinberg
718 Arch Street
Suite 501 South
Philadelphia, PA 19106

　　*Attorney for Appellant*

Louis D. Lappen, United States Attorney
Bernadette A. McKeon, Esq. [Argued]
Andrew J. Schell, Esq.
Robert A. Zauzmer, Esq.
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

　　*Attorneys for Appellee*

_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

Petitioner Zenaido Renteria was involved in a drug trafficking conspiracy that conducted business in Pennsylvania and California. He was convicted at trial in the Eastern District of Pennsylvania of one count of conspiracy to distribute 500 grams or more of methamphetamine and one kilogram or more of heroin in violation of 21 U.S.C. § 846. He was sentenced to

153 months' imprisonment and five years of supervised release.

Renteria now appeals, arguing that the Eastern District of Pennsylvania was not a proper venue for his case because it was not reasonably foreseeable to him that conduct in furtherance of the conspiracy would have occurred there. He also claims that the District Court gave incorrect jury instructions and that the District Court erred in its calculation of his offense level under the Sentencing Guidelines ("Guidelines"). Because we choose not to adopt a "reasonable foreseeability" test for venue, we conclude that the Eastern District of Pennsylvania was an appropriate venue for Renteria's case. We also conclude that the District Court's jury instructions were proper and that it did not err in its Guidelines calculation. Accordingly, we will affirm in all respects.

**I.**

A. The Investigation

In May 2015, Homeland Security Investigations Special Agent Jeffrey Kuc posed undercover as a methamphetamine and heroin trafficker in southeastern Pennsylvania. In this role, Kuc communicated over the phone with two men, known to him as Cejas and Juan, who used telephone numbers with Mexican country codes. From his location in the Eastern District of Pennsylvania, Kuc arranged for Cejas and Juan to send two kilograms of methamphetamine to a mailbox in Springfield, Pennsylvania. The men agreed that Kuc would pay $30,000 for the drugs. They also agreed that after he received the methamphetamine, Kuc would deposit $2,000 into a bank account provided by Cejas. Kuc would then pay the

3

remaining $28,000 in cash when he traveled to California shortly thereafter to purchase heroin and more methamphetamine.

Kuc received the methamphetamine shipment on May 29, 2015, and he deposited $2,000 in an agreed-upon bank account the following day in Philadelphia. On June 3, 2015, Kuc traveled to Los Angeles and spoke to Cejas, who informed him that he would direct his contact in the area to reach out to Kuc.

Later that day, Kuc received a phone call from Renteria. After some negotiating, the two men formulated a plan to exchange methamphetamine and heroin for $146,500—the value of the new drugs Kuc would receive plus the $28,000 he owed for the prior Pennsylvania methamphetamine shipment. The next day, the men discussed a meeting time, and Renteria expressed that he was rushing to prepare for the transaction, explaining, "they just told me this yesterday."[1] Later, the men met at a fast food restaurant in Huntington Beach, California. There, after Kuc saw the drugs and gave other agents a pre-arranged signal, Renteria was arrested.

## B. District Court Proceedings

Within a week of Renteria's arrest, a grand jury convened in the Eastern District of Pennsylvania returned a two-count indictment that charged him with conspiracy to distribute 500 grams or more of methamphetamine and one kilogram or more of heroin in violation of 21 U.S.C. § 846 ("count one") and possession with intent to distribute 500

---

[1] App. at 262.

4

grams or more of methamphetamine and one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("count two").

Renteria, a California resident, filed a Motion to Change Venue requesting that his case be transferred to California, but the Motion was denied by the District Court.[2] He then moved to dismiss both counts one and two for lack of venue. The Government conceded that count two should be dismissed, but the District Court denied the motion with respect to count one.

Renteria proceeded to trial on count one in the Eastern District of Pennsylvania. At trial, the District Court instructed the jury regarding venue, explaining in part:

> The government does not need to prove that the defendant himself was present in this district, instead [venue] can be established in this district if a co-conspirator has committed an act in furtherance of the conspiracy here even if the defendant did not know or did not reasonably foresee that the act occurred or would occur in this district.[3]

Renteria was convicted. Prior to sentencing, the Probation Office calculated Renteria's Guidelines range to be 151 to 188 months of imprisonment. In calculating the Guidelines range, the Probation Office determined Renteria's offense level by considering the quantities of heroin and

[2] Renteria is not appealing the denial of his Motion to Change Venue because, as he admits in his briefing, the Motion did not include the proper law or relevant facts.

[3] *Id.* at 155.

methamphetamine that Renteria attempted to deliver to Kuc in California, as well as the quantity of methamphetamine shipped to Kuc in Springfield, Pennsylvania. Ultimately, after accounting for Renteria's minor role in the conspiracy, the Probation Office determined that Renteria had a total offense level of 34 and was in criminal history category I.

At Renteria's sentencing hearing, the District Court adopted the Probation Office's Guidelines calculation and explained that the applicable Guidelines range was 151 to 188 months of imprisonment. Neither side objected, although the Government contended that a reduction for being a minor participant should not be given. The District Court imposed a sentence of 153 months' imprisonment and five years' supervised release. Soon thereafter, Renteria appealed.[4]

## II.

We will address each of Renteria's three issues on appeal in turn, beginning with venue.[5] Although Renteria urges us to adopt a reasonable foreseeability test to analyze venue in conspiracy cases, we decline to do so.

---

[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and under 18 U.S.C. § 3742(a).

[5] Our review of the District Court's decision regarding venue is plenary. *United States v. Auernheimer*, 748 F.3d 525, 532 (3d Cir. 2014). The Government must prove that venue is proper by a preponderance of the evidence. *Id.* at 533.

Venue is a concept that stems from the Constitution itself, which "twice safeguards the defendant's venue right."[6] First, Article III mandates that "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed."[7] Second, the Sixth Amendment reiterates, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."[8] The Federal Rules of Criminal Procedure incorporate the Constitution's conception of venue in Rule 18, which explains that the Government "must prosecute an offense in a district where the offense was committed."[9]

As we have previously explained, "Congress may prescribe specific venue requirements for particular crimes."[10] In that vein, in 18 U.S.C. § 3237(a), Congress provided that continuing offenses, including conspiracy, can be "prosecuted in any district in which such offense was begun, continued, or completed."[11] We have further clarified that "[i]n addition, venue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy."[12]

It is in this legal landscape that Renteria argues that venue was not properly laid in the Eastern District of Pennsylvania in his case. On a broad level, Renteria urges us

---

[6] *United States v. Cabrales*, 524 U.S. 1, 6 (1998).

[7] U.S. Const. art III, § 2, cl. 3.

[8] *Id.* amend. VI.

[9] Fed. R. Crim. P. 18.

[10] *Auernheimer*, 748 F.3d at 532.

[11] 18 U.S.C. § 3237(a) (2012).

[12] *United States v. Perez*, 280 F.3d 318, 329 (3d Cir. 2002).

to conclude that in order to establish venue in a particular district in a conspiracy case under § 3237(a), it must have been reasonably foreseeable to the defendant that an act in furtherance of the conspiracy would have occurred in the district. He claims that adopting such a reasonable foreseeability test is required by the Constitution.

Assuming that we adopt a reasonable foreseeability test, Renteria contends that the Eastern District of Pennsylvania was not a proper venue because "it was not reasonably foreseeable to [him] that an act in furtherance of the conspiracy would be committed [there]."[13] He asserts that he could not have foreseen the events that took place in Pennsylvania because he did not join the conspiracy until June 3, 2015—after his co-conspirators had directed phone calls and shipped methamphetamine to Kuc in Pennsylvania—and because all of his actions occurred in California.

Whether to adopt a reasonable foreseeability test to determine if venue has been laid properly in a conspiracy case under § 3237(a) is an issue of first impression for our Court. Although the Second Circuit has concluded that a reasonable foreseeability test is required to establish venue,[14] the Ninth Circuit has rejected the test in the context of § 3237(a),[15] and the Fourth Circuit has rejected it in the context of a similar

---

[13] Appellant's Br. at 13.

[14] *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003) (adopting a reasonable foreseeability test).

[15] *United States v. Gonzalez*, 683 F.3d 1221, 1226 (9th Cir. 2012) ("Simply put, section 3237(a) does not require foreseeability to establish venue for a continuous offense.").

venue statute, 15 U.S.C. § 78aa.[16]  We now decline to adopt a reasonable foreseeability test as well.

To begin, we conclude that we need not adopt a reasonable foreseeability test because neither the text of the Constitution nor of § 3237(a) requires it.  In fact, the Constitution and § 3237(a) focus solely on where the offense occurred and do not even reference foreseeability.[17]  As the Fourth Circuit explained in *United States v. Johnson*, albeit in connection with the venue statute for securities offenses,[18] "[i]f Congress had wanted to limit venue to those districts where the defendant could have reasonably foreseen [the] criminal conduct taking place, it could have easily done so. Instead, it enacted a broad venue provision, one that lacked any reference to a defendant's mental state or predictive calculus."[19]

Just as we conclude that the Constitution and § 3237(a) do not explicitly provide for a reasonable foreseeability

---

[16] *United States v. Johnson*, 510 F.3d 521, 527 (4th Cir. 2007) (rejecting a reasonable foreseeability test in the context of 15 U.S.C. § 78aa, the venue statute for securities offenses).  We also note that the Sixth Circuit declined to adopt a reasonable foreseeability test to establish venue under § 3237(a) in an unpublished opinion.  *United States v. Castaneda*, 315 F. App'x 564, 570 (6th Cir. 2009) ("We decline to adopt foreseeability as an additional element of venue at this time.").

[17] *See* U.S. Const. art III, § 2, cl. 3; *id.* amend. VI; 18 U.S.C. § 3237(a).

[18] 15 U.S.C. § 78aa provides that for securities offenses, "[a]ny criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred."

[19] *Johnson*, 510 F.3d at 527.

requirement, we also choose not to imply one. As we have previously explained, venue is "an element more akin to jurisdiction than to the substantive elements of the crime,"[20] and "mens rea requirements typically do not extend to the jurisdictional elements of a crime."[21] Like the Ninth Circuit in rejecting a reasonable foreseeability test in *United States v. Gonzalez*, we see no reason to diverge from these principles here.[22]

In addition, the fact that the Second Circuit has adopted a reasonable foreseeability requirement to establish venue does not persuade us that we should do so. In *United States v. Svoboda*,[23] the Second Circuit examined two cases, *United States v. Kim*[24] and *United States v. Bezmalinovic*,[25] and concluded that such cases demonstrate that "venue is proper in

---

[20] *Perez*, 280 F.3d at 330 (quoting *United States v. Massa*, 686 F.2d 526, 530 (7th Cir. 1982)).

[21] *United States v. Moyer*, 674 F.3d 192, 208 (3d Cir. 2012) (quoting *United States v. Cooper*, 482 F.3d 658, 664 (4th Cir. 2007)).

[22] *Gonzalez*, 683 F.3d at 1226 ("[V]enue is similar in nature to a jurisdictional element, and typically lacks any sort of explicit knowledge or foreseeability prerequisite." (quoting *Johnson*, 510 F.3d at 527)). *See also Johnson*, 510 F.3d at 527 ("We are especially reluctant to imply a foreseeability requirement in light of the fact that it 'is well settled that mens rea requirements typically do not extend to the jurisdictional elements of a crime.'" (quoting *United States v. Cooper*, 482 F.3d 658, 664 (4th Cir. 2007)).

[23] 347 F.3d 471.

[24] 246 F.3d 186 (2d Cir. 2001).

[25] 962 F. Supp. 435 (S.D.N.Y. 1997).

a district where (1) the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur in the district of venue or (2) it is foreseeable that such an act would occur in the district of venue."[26] Significantly, however, neither *Svoboda* nor *Kim* nor *Bezmalinovic* actually explains why reasonable foreseeability is required to establish venue under the Constitution. Rather, the cases seem to derive the reasonable foreseeability test from a generous reading of prior Second Circuit precedent.[27] In fact, even the Second Circuit itself has recently acknowledged that "[o]ther Circuits have not adopted such a requirement" and admitted that *Svoboda*, its "seminal case" on the issue, "identified a foreseeability requirement without extensive analysis."[28] Accordingly, the Second Circuit's opinions do not persuade us to adopt a reasonable foreseeability test.

We are also not convinced by Renteria's argument that a reasonable foreseeability test is necessary to comply with the Constitution's venue provisions because it promotes the policy behind them—protecting "against the unfairness and hardship involved when an accused is prosecuted in a remote place."[29] "[U]nfairness is generally not a concern when a defendant is tried in a district 'wherein the crime shall have been

---

[26] *Svoboda*, 347 F.3d at 483.
[27] *See Bezmalinovic*, 962 F. Supp. at 438-41; *Kim*, 246 F.3d at 193.
[28] *United States v. Kirk Tang Yuk*, 885 F.3d 57, 69 n.2 (2d Cir. 2018).
[29] *Auernheimer*, 748 F.3d at 540 (quoting *United States v. Cores*, 356 U.S. 405, 407 (1958)).

committed.'"[30]  Thus, because § 3237(a) limits venue to "any district in which such offense was begun, continued, or completed," it is unnecessary for us to adopt a reasonable foreseeability test to protect the accused.[31]  Furthermore, defendants who wish to be prosecuted in a venue other than the one the Government has chosen can file a motion to transfer venue under Rule 21 of the Federal Rules of Criminal Procedure, which provides for transfers for both prejudice and convenience.[32]  This further convinces us that we need not adopt a reasonable foreseeability test to ensure that defendants are not being prosecuted in venues that are unfair to them.[33]

For the foregoing reasons, we decline to adopt a reasonable foreseeability requirement to establish venue in conspiracy cases under § 3237(a).  Accordingly, we conclude that the Eastern District of Pennsylvania was a proper venue for Renteria's case. Although Renteria himself did not act in the Eastern District of Pennsylvania or direct any of his actions

---

[30] *United States v. Rommy*, 506 F.3d 108, 119 (2d Cir. 2007) (quoting U.S. Const. amend. VI).

[31] 18 U.S.C. § 3237(a)

[32] Fed. R. Crim. P. 21. As discussed above, Renteria filed a motion under Rule 21(b), but the District Court denied it because it was not sufficiently supported by law and facts.  He does not appeal the denial here. *See supra* note 16.

[33] We also reject Renteria's argument that a reasonable foreseeability test should be adopted to create consistency with the principles of co-conspirator liability set forth in *Pinkerton v. United States*, 328 U.S. 640 (1946).  In short, venue, an element more akin to jurisdiction than anything else, *see supra* p. 9, and co-conspirator liability are significantly different concepts that do not necessitate the same law.

there, his co-conspirators sent methamphetamine to Kuc there and directed phone calls to him there.[34] These activities constitute overt acts in furtherance of the conspiracy that are certainly sufficient to establish venue under § 3237(a).[35]

## III.

We now turn to Renteria's challenge to the District Court's jury instructions. As discussed above, the District Court instructed the jury in relevant part:

> The government does not need to prove that the defendant himself was present in this district, instead [venue] can be established in this district if a co-conspirator has committed an act in furtherance of the conspiracy here even if the defendant did not know or did not reasonably foresee that the act occurred or would occur in this district.[36]

---

[34] *See Perez*, 280 F.3d at 329 ("[V]enue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy.").

[35] *See, e.g.*, *Gonzalez*, 683 F.3d at 1225 (explaining that a confidential informant's presence in the Northern District of California during telephone calls with a co-conspirator "sufficed to establish venue there on the conspiracy charge"); *United States v. Cordero*, 668 F.2d 32, 43-44 (1st Cir. 1981) (concluding that venue was appropriate in Puerto Rico when an undercover law enforcement agent was located there and spoke to the conspirators on the phone there).

[36] App. at 155.

13

Renteria's only argument regarding the jury instructions is that the District Court should not have instructed the jury that venue could be laid "even if the defendant did not know or did not reasonably foresee that [an act in furtherance of the conspiracy] occurred or would occur in this district."[37]

Because we do not adopt a reasonable foreseeability test for venue under § 3237(a), we conclude that the District Court's jury instructions were proper.

**IV.**

Lastly, we will address Renteria's appeal of his sentence. As mentioned above, before Renteria's sentencing hearing, the Probation Office calculated Renteria's Guidelines range and included the drugs Renteria's co-conspirators sent to Kuc in Pennsylvania as part of the calculation. At sentencing, the District Court adopted the Probation Office's Presentence Report without objection from Renteria, and he was sentenced to 153 months' imprisonment. Renteria now claims that the methamphetamine sent to Pennsylvania should not have been included in the calculation of his base offense level under the Guidelines. He argues that without including the Pennsylvania shipment, his Guidelines range would have been 121 to 151 months instead of 151 to 188 months.

Because Renteria did not object to the Guidelines calculation at his sentencing, we review the District Court's decision for plain error.[38] Under the Guidelines, a defendant's base offense level is calculated based, among other things, on

---

[37] *Id.*

[38] *United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2001).

14

"all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."[39]

In this case, Renteria directly participated in the transaction involving the methamphetamine shipped to Pennsylvania because he agreed to collect most of the money for such drugs when he met Kuc in California. Accordingly, we conclude that it was not plain error for the District Court to determine that Renteria aided and/or abetted the transaction. Therefore, it was also not plain error for the District Court to include the shipped methamphetamine in its calculation of Renteria's base offense level for sentencing. We will affirm Renteria's sentence.

## V.

For the foregoing reasons, we decline to adopt a reasonable foreseeability test to establish venue under § 3237(a). We therefore conclude that the Eastern District of Pennsylvania was a proper venue for Renteria's case and that the District Court's jury instructions were proper. We will also affirm Renteria's sentence of 153 months' imprisonment.

---

[39] Guidelines § 1B1.3(a)(1)(A).