**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2034
_____

UNITED STATES OF AMERICA

v.

CARLOS SANTURTAN-TERAN,
*Appellant*

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3-17-cr-00298-006)
District Judge: Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on

March 23, 2023

_____

Before: JORDAN, GREENAWAY, JR., and McKEE, *Circuit Judges*

(Opinion filed: June 14, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*:

Carlos Santurtan-Teran appeals the District Court's denial of his motion to dismiss for lack of venue. We will affirm.[1]

I.

Santurtan-Teran challenges his indictment for conspiracy to distribute and possess with intent to distribute a controlled substance on the ground that venue in the Middle District of Pennsylvania was improper. Specifically, he asserts that the only relevant conduct that occurred in the Middle District were phone calls between him and co-defendant Jose Luis Gonzalez, Sr., where Gonzalez was physically present in the district, but he was not. In doing so, Santurtan-Teran mischaracterizes our precedent.

It is well settled that "any offense . . . begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."[2] Moreover, venue is proper "wherever a co-conspirator has committed an act in furtherance of the

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. Additionally, "[o]ur review of the District Court's legal decision regarding venue is plenary." *United States v. Auernheimer*, 748 F.3d 525, 532 (3d Cir. 2014) (citing *United States v. Pendleton*, 658 F.3d 299, 302 (3d Cir. 2011)).
[2] 18 U.S.C. § 3237(a). *See also Pendleton*, 658 F.3d at 303 ("When the crime consists of distinct acts occurring in different places, venue is proper where any part of the crime occurs.") (citing *United States v. Rodriguez-Moreno*, 526 U.S. 375, 279 n.1 (1999)).

conspiracy."[3] The government bears the burden to establish venue by a preponderance of the evidence.[4]

Here, it is undisputed that Gonzalez had phone calls about the marijuana grow operation with several co-conspirators, including Santurtan-Teran, while present in the Middle District. Gonzalez and Santurtan-Teran specifically discussed the planting of marijuana plants and solutions to a mechanical problem at the marijuana grow site in Michigan. These phone calls plainly furthered the conspiracy and thus support venue in the Middle District.[5]

Furthermore, Santurtan-Teran misinterprets our discussion in *United States v. Auernheimer*.[6] There, we held that when assessing venue, courts must look to "essential conduct" elements rather than "circumstance elements" of the charged offense, as circumstance elements are simply "fact[s] that existed at the time that the defendant performed [the essential conduct elements]."[7]

---

[3] *United States v. Perez*, 280 F.3d 318, 329 (3d Cir. 2002).
[4] *United States v. Root*, 585 F.3d 145, 155 (3d Cir. 2009).
[5] *See United States v. Renteria*, 903 F.3d 326, 331–32 (3d Cir. 2018) (concluding that venue in the Eastern District of Pennsylvania was appropriate even though the defendant did not act or direct any actions in the district himself because his co-conspirators distributed drugs and held phone calls regarding the conspiracy there). *See also United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir. 1994) ("Phone calls can constitute overt acts in furtherance of a conspiracy"); *United States v. Smith*, 198 F.3d 377, 382 (2d Cir. 1999) ("[P]hone calls from one district to another by themselves can establish venue in either district as long as the calls further the conspiracy.").
[6] 748 F.3d 525 (3d Cir. 2014).
[7] *Id*. at 533. In *Auernheimer*, we considered whether venue was established in the District of New Jersey, where the defendant was prosecuted for conspiracy to violate the Computer Fraud and Abuse Act ("CFAA"). *Id*. at 529. We concluded that the District of

3

Santurtan-Teran contends that, as in *Auernheimer*, no essential conduct elements (i.e., the possession and distribution of marijuana) occurred in the Middle District. He is mistaken. Although Santurtan-Teran himself may not have engaged in these acts in the Middle District, the record indicates that his co-conspirators did. That alone distinguishes this case from *Auernheimer*, where neither the defendant *nor* any of his co-conspirators performed any "essential conduct element" in the District of New Jersey.[8] Moreover, in *Auernheimer*, we held that venue was improper not only because no essential conduct element occurred in the district, but also because no overt act in furtherance of the conspiracy occurred there.[9] As explained above, Santurtan-Teran's co-conspirators performed overt acts in furtherance of their conspiracy in the Middle District, in the form of their phone calls regarding the logistics of their marijuana grow operation. Therefore, the District Court did not err in concluding that venue in the Middle District was satisfied.

## II.

For the foregoing reasons, we will affirm.

---

New Jersey was an improper venue for the defendant's prosecution, in part, because no "essential conduct elements" of the CFAA violation occurred in the district. *Id*. at 533–34.

[8] *Auernheimer*, 748 F.3d at 535.

[9] *Id*.