**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2813
_____

UNITED STATES OF AMERICA

v.

RODOLFO PINEDA BELTRE,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:20-cr-00206-011)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 1, 2025
_____

Before: SHWARTZ, MATEY, and FISHER, *Circuit Judges*

(Filed: December 12, 2025)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

After Gabriel Rivera was arrested for distributing cocaine in Harrisburg, Pennsylvania, he agreed to assist the Drug Enforcement Administration in "identifying his source of supply in Puerto Rico." App. 162. At the DEA's direction, Rivera made calls to arrange a meeting with Rodolfo Pineda-Beltre, a meeting which the DEA surveilled and photographed leading to Pineda-Beltre's arrest. A grand jury in the Middle District of Pennsylvania indicted Pineda-Beltre and others with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Following trial, Pineda-Beltre was convicted on both charges. He now appeals, arguing venue was improper, but we see no error.[1]

18 U.S.C. § 3237(a) provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." That means "venue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy." *United States v. Perez*, 280 F.3d 318, 329 (3d Cir. 2002). Ample evidence, uncontested by Pineda-Beltre, meets that burden. Pineda-Beltre's co-conspirators were in the district when they arranged to purchase cocaine from Pineda-Beltre, sent at least one parcel containing cocaine obtained from Pineda-Beltre to an address in Scranton, Pennsylvania, communicated with Pineda-Beltre

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review Pineda-Beltre's venue challenges de novo. *United States v. Pendleton*, 658 F.3d 299, 302 (3d Cir. 2011).

by phone when located in the district, and used cash proceeds from sales in the district to purchase additional supply from Pineda-Beltre. All of which is sufficient to prove that co-conspirators furthered the conspiracy to "distribute . . . or possess with intent to . . . distribute" cocaine in the Middle District of Pennsylvania, 21 U.S.C. §§ 841(a)(1), 846, and conducted a "financial transaction" with "proceeds of" that cocaine trafficking "with the intent to promote the carrying on of" further cocaine trafficking in the district, 18 U.S.C. § 1956(a)(1). And contrary to Pineda-Beltre's overtures, "neither the text of the Constitution nor of § 3237(a) requires" a foreseeability test because their texts both "focus solely on where the offense occurred and do not even reference foreseeability." *United States v. Renteria*, 903 F.3d 326, 330 (3d Cir. 2018).

Seeing no error, we will affirm the District Court's judgment.